## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BRIA ADKINS, on behalf of herself and all others similarly situated | ) ) ) | Case No: |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| NAVIENT CORPORATION, NAVIENT SOLUTIONS, LLC, AND PIONEER CREDIT RECOVERY, INC. | ) ) ) ) | JURY DEMAND |
| Defendants. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff, individually and on behalf of all others similarly situated, complains and alleges, based on personal knowledge as to herself, and on information and belief as to all other matters, and demands trial by jury:

## NATURE OF ACTION

1. Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendants Navient Corporation, Navient Solutions, LLC, and Pioneer Credit Recovery, Inc. ("Pioneer") (collectively, "Defendants") in negligently, knowingly, and/or willfully contacting Plaintiff on her cellular telephone without her prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff seeks statutory damages for the TCPA violations committed by Defendants.

2. Defendant Navient Corporation is a Delaware registered company that is one of the nation's largest providers of financial services.

3. Defendant Navient Solutions, LLC is a subsidiary of Defendant Navient Corporation

registered in Delaware, and is one of the nation's largest servicers of student loans.

4. Defendant Pioneer is a subsidiary of Navient that is registered in Delaware and provides debt collection services to Navient for loans that are in default.

5. Through this putative class action, Plaintiff seeks injunctive relief to halt Defendants' illegal conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals nationwide. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies resulting from the illegal actions of Defendants.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this class action lawsuit under 47 U.S.C. § 227; *see also Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a) because Defendants are corporations that are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced.

## PARTIES

8. Plaintiff is an individual and was, at all times mentioned herein, a U.S. citizen residing in Chicago, Illinois. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

9. Defendants are, and at all times mentioned herein were, corporations incorporated under the laws of the State of Delaware. Defendants are, and at all times mentioned herein were, corporations and "persons" as defined by 47 U.S.C. § 153(10).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 ((TCPA), 47 U.S.C. § 227)

10. The TCPA regulates and restricts the use of automatic telephone equipment.

11. The TCPA protects consumers from unwanted calls that are made with autodialers and/or prerecorded messages.

12. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system **or** prerecorded message; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

13. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

14. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate and similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102-243, § 11. In support of this, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

15. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the

type of call….." *Id*. at §§ 12-13.

16. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

17. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

18. On July 10, 2015, the FCC ruled that "the TCPA requires consent not of the intended recipient of a call, but of the current subscriber." *See* FCC 15-72.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

19. Upon information and belief, Defendant Navient Solutions, LLC was the servicer of an educational loan for Plaintiff's mother ("Mother") that Mother defaulted on.

20. Upon information and belief, after Mother defaulted on her loan, the account was placed with Defendant Pioneer for collection.

21. Upon information and belief, Pioneer used the internet to identify potential relatives, friends, acquaintances and/or associates of Mother ("Third-Parties"), along with these people's contact information.

22. Upon information and belief, in April 2017, Defendant Pioneer began a telephonic campaign to collect Mother's debt by contacting these Third-Parties.

23. Plaintiff was one of the persons identified through Pioneer's conduct described in Paragraph 20 as a Third-Party.

24. During the telephonic campaign described in Paragraph 22, on at least two (2) occasions, Defendant used an "automated telephone dialing system," as defined by 47 U.S.C. § 227(b)(1)(A), to call Plaintiff's telephone number.

25. The telephone number that Defendants and/or affiliates, subsidiaries, or agents of Defendants used to contact Plaintiff was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

26. The complained of telephone calls were not made for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. Plaintiff never provided her telephone number to Defendants.

28. Plaintiff did not provide "express consent" or any other form of consent allowing Defendants and/or affiliates, subsidiaries, or agents of Defendants to place telephone calls to Plaintiff's cellular phone by means of an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

29. Under the TCPA, the burden is on Defendants to demonstrate that Plaintiff provided express written consent within the meaning of the statute. *See* FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

## CLASS ACTION ALLEGATIONS

30. Class Definition: Plaintiff brings this civil class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Fed. R. Civ. P.

23. The "Class" which Plaintiff seeks to represent is comprised of, and defined as follows:

> All persons within the United States who received a non-emergency telephone call or SMS message from Navient Solutions, LLC, and/or affiliates, subsidiaries, or agents of Navient, and/or Pioneer Credit Recovery, Inc. to a cellular telephone through the use of an automatic dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls or SMS messages during the 4 years preceding the filing of this Complaint.

31. Defendants, their employees, and agents are excluded from the Class.

32. Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

33. Plaintiff and all Class members have been impacted and harmed by the acts of Defendants and/or their affiliates or subsidiaries.

34. This Class Action Complaint seeks money damages and injunctive relief.

35. This action may properly be brought and maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b). This class action satisfies the ascertainability, numerosity, typicality, adequacy, commonality, predominance and superiority requirements.

36. Upon application by Plaintiff's counsel for certification of the Plaintiff Class, the Court may also be requested to utilize and certify subclasses in the interests of ascertainability, manageability, justice and/or judicial economy.

37. Ascertainability. This action may be properly brought and maintained as a class action because there is a well-defined community of interest in the litigation and the members of the proposed Class are clearly and easily ascertainable and identifiable. The members of the Class can be readily ascertained from Defendants' call records, database files and/or business records maintained by Defendants and/or their agents, affiliates, and subsidiaries. The Class members can be readily located and notified of this class action.

38. Numerosity. The number of persons within the Plaintiff Class is substantial, believed to amount to tens of thousands of persons dispersed throughout the United States. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

39. Typicality. Plaintiff received at least one call using an automatic telephone dialing system or an artificial or prerecorded voice, without her prior express consent or a prior established business relationship with Defendants within the meaning of the TCPA. Consequently, the claim of Plaintiff is typical of the claims of the members of the Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class members she seeks to represent. Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendants' violations and/or misconduct as alleged herein.

40. Adequacy. The Plaintiff Class representative has no interests that are adverse to, or which conflict with, the interests of the absent members of the Class and is able to fairly and adequately represent and protect the interests of such a Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

41. Competency of Class Counsel. Plaintiff is an experienced, qualified and competent counsel committed to prosecuting this class action.

42. Commonality and Predominance. There are well defined common questions of fact and law

that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

a. Whether Defendants and/or affiliates, subsidiaries, or agents of Defendants made non-emergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

b. Whether Defendants and/or affiliates, subsidiaries, or agents of Defendants can meet their burden to show Defendants obtained prior express consent (i.e., consent that is clearly and unmistakably stated) to place the calls complained of;

c. Whether Defendants and/or affiliates, subsidiaries, or agents of Defendants can meet their burden to show Defendants had a prior established business relationship with recipients of the calls complained of;

d. Whether the conduct complained of was knowing and/or willful;

e. Whether Defendants are liable for damages, and the amount of such damages;

f. Whether Defendants and/or affiliates, subsidiaries, or agents of Defendants should be enjoined from engaging in such conduct in the future.

43. Superiority. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized

litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

44. Additionally, the prosecution of separate actions by individual Class members may create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Class not parties to such adjudications or that would substantially impair or impede the ability of such nonparty Class members to protect their interests. The prosecution of individual actions by Class members could establish inconsistent results and result in establishing incompatible standards of conduct for Defendants.

45. Defendants and/or affiliates, subsidiaries, or agents of Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information

and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### NEGLIGENT VIOLATIONS OF THE TELEPHONE
### CONSUMER PROTECTION ACT
### (47 U.S.C. § 227)

46. Plaintiff incorporates by reference the foregoing paragraphs of this Class Action Complaint as if fully stated herein.

47. The foregoing acts and omissions constitute negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227.

48. As a result of the alleged negligent violations of 47 U.S.C. § 227, Plaintiff and each member of the Class are entitled to an award of $500.00 in statutory damages for each and every call, including SMS messages, placed or transmitted in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

49. Plaintiff and all Class members are also entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

50. Plaintiff and the Class members also seek an award of attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### (47 U.S.C. § 227)

51. Plaintiff incorporates by reference the foregoing paragraphs of this Class Action Complaint as if fully stated herein.

52. The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227.

53. As a result of alleged knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff and each member of the Class is entitled to treble damages of up to $1,500.00 for each and every call, including SMS messages, placed or transmitted in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

54. Plaintiff and all Class members are also entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

55. Plaintiff and the Class members also seek an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment in her favor, as follows:

56. As a result of the alleged negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each class member $500.00 in statutory damages for each and every call/message that violated the TCPA;

57. As a result of the alleged willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each class member treble damages, as provided by the statute, of up to $1,500.00 for each and every call/message that violated the TCPA;

58. Injunctive relief prohibiting such violations of the TCPA in the future;

59. An award of attorneys' fees and costs to counsel to Plaintiff and the Class;

60. An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the law firm representing Plaintiff as counsel for the Class; and

61. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and the Class, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demand that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendants.

Respectfully submitted,

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
Meier LLC
401 N. Michigan Ave, Suite 1200
Chicago, IL 60611
richard@meierllc.com
*One of Plaintiff's attorneys*