IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIA ADKINS, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NAVIENT CORPORATION, NAVIENT SOLUTIONS, LLC, and PIONEER CREDIT RECOVERY, INC.,<br><br>    Defendants. | No. 1:18-cv-01680 |

## JOINT STATUS REPORT

Pursuant to the Court's Case Management Procedures, plaintiff Bria Adkins ("Plaintiff") and defendants Navient Corporation ("Navient Corp."), Navient Solutions, LLC ("NSL"), and Pioneer Credit Recovery, Inc. ("Pioneer" and, with Navient Corp. and NSL, "Defendants"), submit the following joint status report:

**A. The Status Hearing**

This matter is set for a status hearing before the Court on June 6, 2018 at 9:10 a.m.

**B. Attorneys of Record**

<u>For Plaintiff Bria Adkins</u>:
Keith James Keogh (expected trial counsel) and Timothy J. Sostrin of Keogh Law, Ltd.
Richard John Meier of Meier, LLC
Lance A. Raphael and Craig Rein Frisch of Consumer Advocacy Center, P.C.
Christopher Davis Kruger of Kruger and Gruber, LLP

<u>For Defendants Navient Corporation, Navient Solutions, LLC, and Pioneer Credit Recovery, Inc.</u>:
Lisa M. Simonetti (expected trial counsel) of Vedder Price (CA), LLP, and Bryant K. Clark and Madeline V. Tzall of Vedder Price PC

C. **The Basis of Federal Jurisdiction**

The Court has Federal Question Jurisdiction over the case, as all claims are brought under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

D. **Jury Demands**

All parties have demanded a trial by jury.

E. **Nature of the Claims**

Plaintiff brings two claims on behalf of a proposed class of similarly situated individuals: one for negligent violations of the TCPA and one for knowing and/or willful violations of the TCPA. Both claims arise from alleged violations of 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits automated calls to cellular telephone numbers without the prior express consent of the called party. There are no counterclaims.

Plaintiff's Position

Plaintiff generally alleges as follows: Defendants are related entities that service educational loans, including one such loan to Plaintiff's mother. Defendants attempt to collect payment on such education loans by, among other things, placing automated calls to the relatives and acquaintances of the borrowers. Defendants obtain the telephone numbers of those relatives and acquaintances from third party skip tracing services. Defendants used one such service to obtain Plaintiff's cellular telephone number in order to collect on her mother's loan and placed numerous automated telephone calls to Plaintiff's cellular telephone number regarding her mother's loan.

Defendant's Position

Pioneer made the telephone calls to Plaintiff through a manual process; accordingly, Pioneer did not violate the TCPA. .Further, Pioneer made the calls in

connection with efforts to locate the borrower, not to collect from Plaintiff. Navient Corp. is improperly named as a defendant. Navient Corp. is a holding company and the ultimate parent of Pioneer and NSL, but Navient Corp. does not engage in any loan servicing activities. NSL also is improperly named as a defendant. NSL is a loan servicing company, but it did not make calls to Plaintiff.

F. **Relief Sought**

Plaintiff seeks class certification, and for each member of the class, statutory damages in the amount of $500 for each negligent violation of the TCPA, treble those damages for each knowing and/or willful violation of the TCPA, and attorneys' fees and costs. Plaintiff also seeks injunctive relief prohibiting Defendants from placing automated calls to any persons other than the borrower.

G. **Service of Process**

All parties have been served with process.

H. **Principal Legal Issues**

Whether any defendant used an "automatic telephone dialing system" as defined by the TCPA in calling Plaintiff.

Plaintiff's Authorities: *Blow v. Bijora, Inc.*, 855 F.3d 793, 800-801 (7th Cir. 2017), citing *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14093 (2003) and *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 566 (2008);

Defendant's Authorities: *ACA International v. Federal Communications Commission*, 885 F.3d 687 (D.C. Cir. 2018) (vacating In re Rules and Regulations

*Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961 (2015).

Whether a class should be certified. *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013)

Plaintiff also submits the following additional principal legal issues: whether Defendants' loan documents provide prior express consent to autodial the cellular telephone numbers of the borrowers' relatives and acquaintances. *Blow*, 855 F.3d at 803-805. and whether defendants Navient Corp. and NSL are vicariously liable for calls placed by Pioneer.

I. **Principal Factual Issues**

The Communications between the parties and the events and circumstances surrounding those communications;

The operations, functions, and capabilities of the dialing systems used to place the calls at issue;

The applicable Defendants' policies, practices, and procedures for obtaining the telephone numbers of borrower's relatives and acquaintances;

The applicable Defendants' policies, practices, and procedures, if any, for obtaining consent to call the telephone numbers of borrowers' relatives and acquaintances;

The extent of applicable Defendants' records, or any third party vendors' records, documenting the skip tracing events by which it obtained the contact information for borrowers' relatives and acquaintances;

The extent of the applicable Defendants' records, or any third party vendors'

records, documenting the calls it placed to the borrowers' relatives and acquaintances;

The extent of the applicable Defendants' records, or any third party vendors' records, documenting the contact information of its borrowers' relatives and acquaintances;

The relationship between the defendants and communications between the defendants concerning the account at issue

**J. Anticipated Motions**

Plaintiff intends to move for class certification after obtaining discovery relating to the class. Pioneer may move to stay pending future proceedings before the Federal Communications Commission in light of the ruling in *ACA International* and/or for summary judgment.

**K. Proposed Discovery Plan**

No discovery has been taken to date. The parties propose to take discovery (including written interrogatories, requests for production, requests for admission, and depositions) relevant to each of the Factual Issues identified above, and related issues. The parties propose the following discovery schedule:

| | |
|---|---|
| Initial Disclosures: | June 27, 2018 |
| Expert Disclosures: | December 8, 2018 |
| Depositions of Expert Witnesses: | January 18, 2019 |
| Close of Discovery: | February 8, 2019 |

**L. Trial**

The earliest date the parties would be ready for trial is August 12, 2019 and the probable length of trial is 3-5 days.

**M. Settlement Discussions**

The parties are open to private mediation, but believe that mediation is not likely to be productive until after discovery has been conducted.

**N. Consent to Trial before a Magistrate Judge**

The parties do not consent to trial by a magistrate judge.

Respectfully Submitted,

/s/ Lisa M. Simonetti

Attorneys for Defendants
Navient Corporation, Navient Solutions, LLC, and Pioneer Credit Recovery

Lisa M. Simonetti
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 424 204 7700

Bryan K. Clark
Madeline V. Tzall
Vedder Price P.C.
222 North LaSalle Street
Chicago, IL 60601
(312) 609-7810

/s/ Timothy J. Sostrin

Attorney for Plaintiff

Keith J. Keogh
Timothy J. Sostrin
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
312-726-1092

Richard John Meier
Meier LLC
401 N. Michigan Avenue
Suite 1200
Chicago, IL 6011
312-242-1849

Christopher Davis Kruger
Kruger & Gruber, LLP
500 N. Michigan Ave.
Suite 600
Chicago, IL 60611
 (773) 663-4949

Craig Rein Frisch
Lance A. Raphael
Consumer Advocacy Center
180 W. Washington Street, Suite 700
Suite 700
Chicago, IL 60602

LOS_ANGELES/#41989